IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GILBERT DE LA CRUZ | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| SAFECO INSURANCE COMPANY OF INDIANA and GIAN FIGARO, | § § § § | |
| Defendants. | § § | |

### DEFENDANTS' NOTICE OF REMOVAL AND MOTION TO DISMISS DEFENDANT GIAN FIGARO FOR IMPROPER JOINDER

Pursuant to 28 U.S.C. § 1446(b) and Local Rule CV-81.1, Defendants Safeco Insurance Company of Indiana ("Safeco") and Gian Figaro ("Figaro" and together with Safeco, "Defendants") file this *Notice of Removal and Motion to Dismis Defendant Gian Figaro for Improper Joinder*, hereby removing this action from the 191st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division and thereupon requesting the dismissal of all claims against Davis as an improperly joined defendant..  Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Gilbert De La Cruz ("Plaintiff") and Safeco, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  As explained below, Figaro was improperly joined, and this Court therefore should disregard Figaro's citizenship when evaluating diversity, and he should be dismissed as a matter of law upon removal.

**I.**
**INTRODUCTION**

This dispute arises out of a claim for alleged hail damage to property located at 4219 Tiffany Trail, Grand Prairie, Texas 75052 (the "Property").  Plaintiff alleges that Defendant Safeco breached a policy of insurance and that both Defendants violated certain provisions of the TEXAS INSURANCE CODE and TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by, among other things, failing to pay Plaintiff's claim for damages allegedly resulting from hail.

On February 20, 2015, Plaintiff filed his Original Petition in the 191st Judicial District Court of Dallas County, Texas against Defendants.  Safeco was served with a citation and a copy of Plaintiff's Original Petition on or about March 13, 2015 through its registered agent for service of process.  Figaro was served via certified mail with a citation and a copy of Plaintiff's Original Petition on or about April 1, 2015.  Defendants timely filed an answer to Plaintiff's Original Petition on April 3, 2015.  This Notice of Removal is being filed within thirty (30) days of service of the Petition, and is thus timely filed under 28 U.S.C. § 1446(b).  As explained below, removal is proper in this case because there is complete diversity of citizenship between the properly joined parties, and it is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00.

**II.**
**NOTICE OF REMOVAL BASIS FOR SAME**

**A.**    **DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties.  *See* 28 U.S.C. § 1332(a).  Plaintiff has alleged in his Original Petition that he is a resident of the

State of Texas.  Safeco is a corporation organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts.  It is both an Indiana and Massachusetts citizen for diversity purposes.  As explained below, Figaro was improperly joined and, therefore, this Court should disregard Figaro's Texas citizenship when evaluating diversity and ultimately dismiss the entirety of Plaintiff's claims against him upon removal.

1.   **Standards for Improper Joinder**

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiff's Original Petition.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013).  As discussed below, Plaintiff's Original Petition fails to state a plausible claim for relief against Figaro.

A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-

diverse defendant in state court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood*, 385 F.3d at 573.

    **2.    Figaro was Improperly Joined**

Here, Defendants seek removal under the latter part of the improper joinder test because Plaintiff's pleading provides no reasonable basis for this Court to predict that Texas law would allow recovery against Figaro. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). The court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573.

While an adjuster, such as Figaro, can be found liable in his individual capacity, *Safeco Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 485 (Tex. 1998), Plaintiff's Original Petition, which simply tracks the underlying statute, is factually deficient and fails to state a cause of action against Figaro.

As an initial inquiry, a court must ask whether it appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, *i.e.*, whether "the record … support[s] any inference that the [Plaintiff] intended to actively pursue claims" against

Figaro.  *Griggs*, 181 F.3d at 699; *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490, 21-22 (S.D. Tex. June 19, 2013).  Courts in the Fifth Circuit have considered the following factors in making this evaluation: (1) whether the defendant is merely minimally mentioned, (2) whether he was ever served, and (3) whether any actionable claims are specifically alleged against him.  *See e.g.*, *Griggs*, 181 F.3d at 699.

Plaintiff's Original Petition identifies Figaro by name, but the allegations against him are minimal, provide no facts, and, therefore, fail to establish a plausible claim.  More specifically, the allegations against Figaro in the "Factual Background" section of Plaintiff's Original Petition merely state that he was assigned as an adjuster to investigate, inspect and prepare a report on Plaintiff's hail damage claim and that such investigation was "substandard" and his report "undervalued" the damage.  *See* Plaintiff's Original Petition at ¶ 11.

For the most part, the remaining allegations against Figaro merely track the statutory provisions.  As explained by the Southern District of Texas in a case very similar to this one, such actions can be accomplished by Safeco through an agent, and as such, are indistinguishable from Safeco's actions.  *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 21-22. *See also*, *Atascocita Realty, Inc. v. W. Heritage Ins. Co.*, 2012 U.S. Dist. LEXIS 130526 (S.D. Tex. Sept. 13, 2012) (holding that when an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 6541 *14 (S.D. Tex.  Jan. 20, 2011).  Plaintiff's conclusory claims against Figaro,

individually, are insufficient to establish the possibility of a claim against him for any violation of the Texas Insurance Code. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 23.

### 3. This Court Should Disregard Figaro's Citizenship When Evaluating Diversity

It is well-settled that the presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Figaro, his presence should be disregarded in determining diversity jurisdiction, and he should be dismissed from this lawsuit upon removal. *Id*.

Upon Plaintiff's own admission, he is a Texas citizen. Safeco is a citizen of Indiana and Massachusetts, and because Fiagro has been improperly joined, complete diversity of citizenship exists between the properly joined parties.

### B. AMOUNT IN CONTROVERSY

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000.00, the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

### 1. Plaintiff's Original Petition

Plaintiff's Original Petition includes causes of action against Defendants for (1) breach of contract; (2) violations of the TEXAS INSURANCE CODE, Chapters 541 and 542; and (3) violations of the DTPA. Based on these causes of action, Plaintiff specifically pleads that he "seeks monetary relief over $100,000 but not more than $200,000." Plaintiff's Original Petition at ¶ 5.

### 2. Plaintiff's Claim for Attorneys' Fees

Furthermore, if a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985). Here, Plaintiff seeks attorneys' fees pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 38.001 – 38.003 and TEXAS INSURANCE CODE §§ 541.152 and 542.060. *See* Plaintiff's Original Petition at ¶¶ 26-27. Therefore, the amount in controversy in this case clearly exceeds $75,000.00. In fact, Plaintiff claims that should this dispute result in protracted litigation, the costs, expenses, interest

and attorneys' fees alone "likely will be over $200,000 but not more than $1,000,000." *Id.* at ¶ 5.

## III.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 8.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet and a signed Certificate of Interested Persons that complies with LR 3.1(c). Additionally, the following exhibits are attached:

- **EXHIBIT A**   Index of all documents filed in the state court action;
- **EXHIBIT B**:  Register of Actions in the state court action; and
- **EXHIBITS C1 – C2**:  A copy of each document filed in the state court action.

## IV.
## DEFENDANTS' MOTION TO DISMISS DEFENDANT GIAN FIGARO FOR IMPROPER JOINDER

For the same reasons articulated above as to why this case should be removed to this Court, so too should Plaintifff's claims against Figaro be dismissed in their entirety as a matter of law upon removal. Accordingly, Defendants hereby file this *Motion to Dismiss Defendant Gian Figaro for Improper Joinder* (the "Motion")[1] and in support of the Motion respectfully show the Court as follows:

As shown above, this case is properly removable to this Court based upon complete diversity between the properly joined parties – *i.e.*, Plaintiff and Safeco. In fact, upon removal, diversity jurisdiction will be established as a matter of law and the failure to dismiss Davis would defeat that jurisdiction. For that reason alone – in addition

---

[1] In accordance with the Local Rules, Defendants are concurrently filing a Brief in Support of the Motion.

to the arguments contained in Defendants' accompanying Brief in Support – Plaintiff's claims against Davis should be dismissed in their entirety.

## V.
## REQUEST FOR RELIEF

Based on the foregoing, Defendants Safeco Insurance Company of Indiana and Gian Figaro respectfully request that the above-captioned action now pending in the 191 Judicial District Court, Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division and that upon such removal Plaintiff's claims against Defendant Gian Figaro be dismissed in their entirety. Defendants further request all such other and further relief to which they may be justly entitled.

    Respectfully submitted,

    */s/ Mark D. Tillman*
    MARK D. TILLMAN
    State Bar No. 00794742
    COLIN BATCHELOR
    State Bar No. 24043545
    DANIEL C. SCOTT
    State Bar No. 24051316

    **TILLMAN BATCHELOR LLP**
    1320 Greenway Drive, Suite 830
    Irving, Texas 75038
    Telephone: (214) 492-5720
    Facsimile: (214) 492-5721
    Email:  mark.tillman@tb-llp.com
           colin.batchelor@tb-llp.com
           dan.scott@tb-llp.com

    **ATTORNEYS FOR DEFENDANTS**
    **SAFECO INSURANCE COMPANY**
    **OF INDIANA AND GIAN FIGARO**

## **CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of Defendants' Notice of Removal has been forwarded to Plaintiff's counsel of record, as identified below, via electronic means and/or facsimile, on the 10th day of April 2015 in accordance with the Federal Rules of Civil Procedure.

Richard D. Daly
TBA 00796429
John Scott Black
TBA 24012292
Ana M. Ene
TBA No. 24076368
William X. King
TBA 24072496

DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098
(713) 655-1405 (Telephone)
(713) 655-1587 (Facsimile)
rdaly@dalyblack.com
jblack@dalyblack.com
aene@dalyblack.com
wking@dalyblack.com

                                      */s/ Mark D. Tillman*
                                      MARK D. TILLMAN