IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GILBERT DE LA CRUZ,   Plaintiff, | § § § | |
| vs. | § | Civil Action No. 3:15-cv-01096-P |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA AND GIAN FIGARO,   Defendants. | § § § § | |

**PLAINTIFF GILBERT DE LA CRUZ'S
MOTION TO REMAND AND BRIEF IN SUPPORT**

TO THE HONORABLE JORGE A. SOLIS:

Plaintiff Gilbert De La Cruz ("De La Cruz") hereby files his motion to remand and brief in support, respectfully asking the Court to remand the case to state court for lack of subject matter jurisdiction. In support of his motion, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), De La Cruz would respectfully show the Court the following:

**NATURE AND STAGE OF THE PROCEEDING**

De La Cruz, a Texas resident, is a named insured under a property insurance policy issued by Defendant Safeco Insurance Company of Indiana ("Safeco") (the "Policy"). (Dkt. # 1-3, ¶¶ 1, 8) Safeco is a citizen of Indiana and Massachusetts for diversity purposes. (Dkt. # 1, p. 3) On or about May 12, 2014, a storm hit the Grand Prairie, Texas, area, damaging De La Cruz's home and other property. (Dkt. # 1-3, ¶ 9) De La Cruz subsequently filed a claim under the Policy. (Dkt. # 1-3, ¶ 9)

1

Safeco assigned Defendant Gian Figaro ("Figaro") – a Texas resident – to adjust the claim. (Dkt. # 1-3, ¶¶ 3, 11) Figaro conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages he noted during the inspection, and undervalued the damages he observed during the inspection. (Dkt. # 1-3, ¶ 11) Figaro's substandard, outcome-oriented investigation led to Safeco's underpayment of De La Cruz's claim. (Dkt. # 1-3, ¶ 11-13)

As a result, on February 20, 2015, De La Cruz filed suit against Safeco and Figaro in the 191st District Court of Dallas County, Texas, asserting various causes of action arising out of Safeco's and Figaro's failure to adequately investigate and properly settle De La Cruz's claim for damages covered by the Policy. (Dkt. # 1-3, ¶¶ 15-24) On April 10, 2015, Defendants removed the case to this Court, arguing that Figaro was improperly joined and, therefore, that his Texas citizenship cannot be considered for purposes of diversity jurisdiction. (Dkt. # 1, pp. 3-6) Defendants also move, both in their notice of removal and a separate motion, to dismiss Figaro based on the alleged improper joinder. (Dkt. ## 1, 2, 5)

De La Cruz now moves to remand for lack of subject matter jurisdiction.

**ISSUE**

The issue before the Court is whether Figaro was properly joined as a Defendant in De La Cruz's suit against Safeco. If the Court finds that he was, it lacks subject matter jurisdiction and must remand to state court.

**STANDARD OF REVIEW**

A case is removable to federal court when federal subject-matter jurisdiction exists and the defendant has followed the proper removal procedure. *See* 28 U.S.C. § 1441. The removing party bears the significant burden of establishing the existence of subject-matter jurisdiction. *See*

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute is "subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Thus, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *See Manguno*, 276 F.3d at 723.

A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity must be "complete," meaning that removal is appropriate only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). Where, as here, one of the defendants is a Texas resident, remand is required unless the resident defendant's citizenship can be disregarded. *See Presley v. America First Ins. Co.*, No. H-10-4429, 2011 WL 486231, at *1 (S.D. Tex. Feb. 7, 2011).

The improper joinder doctrine is a narrow exception to the rule of complete diversity that may serve as a basis for disregarding a defendant's citizenship. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). "The Fifth Circuit recognizes two methods to establish improperly joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish a cause of action against the nondiverse party in state court.'" *Johnson v. Zurich Am. Ins. Co.*, No. 3:11-cv-0344, 2011 WL 3111919, at (1 (N.D. Tex. June 29, 2011) (Solis, J.) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

Defendants do not allege fraud; their removal argument is limited to De La Cruz's ability to establish a cause of action against Figaro. (Dkt. # 1, pp. 4-6) Therefore, to prevail on their

improper joinder argument, Defendants must demonstrate that "'there is absolutely no possibility that the plaintiff will be able to establish a cause of action" against Figaro. *Brooks v. American Home Ins. Co.*, No. 3:97-cv-0515, 1997 WL 538727, at *2 (N.D. Tex. Aug. 20, 1997) (Solis, J.) (quoting *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995), *cert. denied*, 464 U.S. 1039 (1984); *see Johnson*, 2011 WL 3111919, at *1.

Importantly, the court need not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a *possibility* that the plaintiff might do so. *See Johnson*, 2011 WL 3111919, at *1; *Hornbuckle v. State Farm Lloyds*, No. 3:03-cv-00940, 2003 WL 21955874, at *1 (N.D. Tex. Aug. 14, 2003) (Solis, J.) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 215 (5th Cir. 1995)); *Brooks*, 1997 WL 538727, at *2 (citing *Burden*, 60 F.3d at 216). "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not on the merits of Plaintiffs' case." *Smallwood*, 385 F.3d at 573; *see Johnson*, 2011 WL 3111919, at *1; *Hornbuckle*, 2003 WL 21955864, at *2.

"The Fifth Circuit evaluates claims of improper joinder under a similar standard for failure to state a claim." *Johnson*, 2011 WL 3111919, at *2. Importantly, however, when state law provides a more lenient pleading standard than the federal rules, the state law pleading standard applies. *See Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, at *6 (S.D. Tex. Dec. 8, 2010) (remanding, holding that Texas's fair notice standard applied to the improper joinder analysis and observing that the majority of courts apply the more lenient standard); *Rodriguez v. State Farm Lloyds*, No. 3:13-cv-3505, 2014 WL 3406961, at n.* (N.D. Tex. July 14, 2014) (concluding that "applying the state pleading standard seems most natural" and citing cases holding that the Texas fair notice pleading standard applies in improper joinder

4

analysis); Thus, Texas's fair notice pleading standard applies. *See* TEX. R. CIV. P. 47; *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004); *Rodriguez*, 2014 WL 3406961, at n.*. If the complaint survives the analysis, there is generally no improper joinder. *See Smallwood*, 385 F.3d at 573.

The party seeking removal bears the heavy burden of proving improper joinder. *See Rodriguez*, 2014 WL 3406961, at *2; *Brooks*, 1997 WL 538727, at *2; *see also Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (stressing that improper joinder is a narrow exception to the rule of complete diversity and pointing out that the burden of persuasion on a party claiming improper joinder is heavy); *Hornbuckle*, 2003 WL 21955864, at *1. This Court has recognized that a removing defendant must prove the alleged impropriety by "clear and convincing evidence." *Hornbuckle*, 2003 WL 21955864, at *1; *Brooks*, 1997 WL 538727, at *2. The court must resolve all contested fact issues and ambiguities of state law in the plaintiff's favor. *See Hornbuckle*, 2003 WL 21955864, at *1; *Brooks*, 1997 WL 538727, at *2. "If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court." *Edwea*, 2010 WL 5099607, at *2; *see Rodriguez*, 2014 WL 3406961, at *3.

## ARGUMENT

### *De La Cruz's Allegations Against Figaro*

Figaro is the adjuster to whom De La Cruz's claim was assigned. (Dkt. # 1-3, ¶ 11; Exh. A) He investigated the claim, made a determination of coverage and exclusions under the Policy, and determined the amount of damages De La Cruz was to receive. (Dkt. # 1-3, ¶¶ 11-13; Exh. A)

De La Cruz's petition[1] alleges, in pertinent part, that Figaro violated Chapter 541 of the Texas Insurance Code ("Chapter 541") and the Texas Deceptive Trade Practices Act ("DTPA"). (Dkt. # 1-3, ¶¶ 18-24)  Specifically, De La Cruz's petition states as follows:

### C. Bad Faith/DTPA (Safeco and Davis)

18. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

   19. Defendants violated § 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the policy.

   20. Defendants violated § 541.060 by:

   (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim; [sic]

   21. Defendants violated § 541.061 by:

   (1) making an untrue statement of material fact;

   (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

---

[1] For the Court's convenience, a copy of the original petition is attached as Exhibit B.

> > (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
>
> > (4) making a material misstatement of law; and
>
> > (5) failing to disclose a matter required by law to be disclosed.
>
> 22. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.
>
> 23. Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:
>
> > (1) Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;
>
> > (2) Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;
>
> > (3) Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Safeco took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.
>
> 24. Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

(Dkt. # 1-3, ¶¶ 18-24) Additionally, the petition makes the following factual allegations regarding Figaro:

8. Mr. De La Cruz is a named insured under a property insurance policy issued by Safeco.

9. On or about May 12, 2014 a storm hit the Grand Prairie, Texas area, damaging Mr. De La Cruz's house and other property. Mr. De La Cruz subsequently filed a claim on insurance policy.

10. Defendants improperly denied and/or underpaid the claim.

11. Figaro was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. Figaro's unreasonable investigation led to the underpayment of Plaintiff's claim.

13. Moreover, Safeco and Figaro performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

(Dkt. # 1-3, ¶¶ 8-13)

*Movants' Burden*

To avoid remand, Defendants must prove that there is no reasonable possibility that De La Cruz will be able to establish a cause of action against Figaro in state court. Defendants argue that there is no such possibility, alleging that the petition "simply tracks the underlying statute, is factually deficient and fails to state a cause of action against Figaro." (Dkt. # 1, p. 4) They further argue that because the adjuster's actions can be accomplished by Safeco through an agent, there is no cause of action against Figaro. (Dkt. # 1, pp. 5-6). Defendants' argument in favor of removal fails, and the case should be remanded to state court.

*De La Cruz Alleges Sufficient Facts Against Figaro*

In what seems to be a stock argument by defendants seeking to remove first-party insurance cases, Safeco and Figaro inaccurately claim that De La Cruz's petition "provide[s] no facts." (Dkt. # 1, p. 5) To the contrary, De La Cruz has stated more than one actionable factual

8

allegation of Figaro's wrongful conduct, as well as made legal allegations against both Figaro and Safeco. (Dkt. # 1-3, ¶¶ 8-13, 18-24)

In *Hernandez v. Stillwater Ins. Co.*, No. 3:14-cv-1560, 2014 WL 3700577, at *3 (N.D. Tex. July 25, 2014) (Fish, J.), Judge A. Joe Fish remanded a case involving allegations similar to those here and rejecting the very same argument Defendants make here. Judge Fish observed that while the plaintiff's allegations were a "near-verbatim recitation of Chapter 541, such a recitation does not preclude the possibility of recovering" against the adjuster so long as the plaintiff had also alleged sufficient facts describing actionable conduct by the adjuster. *Id*. Thus, the fact that De La Cruz's allegations track Chapter 541 is not fatal to his claim. Judge Fish found that the plaintiff's allegations, including misrepresenting the cause, scope, cost to repair damages, and coverage under the policy, were sufficient to specify actionable conduct by the adjuster. *See id.* at *4. The factual allegations in *Hernandez* are substantially similar to those in De La Cruz's petition. (Exh. B) Judge Fish also rejected improper joinder arguments in *Rodriguez*, 2014 WL 3406961, at *4-5, and *Charla Aldous, P.C. v. Black*, No. 3:12-cv-5028, 2013 WL 3154121, at *4-6 (N.D. Tex. June 20, 2013), finding that the plaintiffs sufficiently stated a cause of action against the adjuster and agent defendants, respectively, and remanding both cases.

Judge Mary Lou Robinson recently remanded a first-party insurance case involving a hail claim in which the undersigned represented the plaintiff. *See Wilson v. Safeco Ins. Co.*, Case No. 2:13-cv-00235 (N.D. Tex. Jan. 6, 2014), p. 3.[2] In that case, the removing defendants made an improper joinder argument almost identical to the one here. *See Wilson*, p. 2. After examining the petition (Exh. B) – *which was essentially identical to the petition in this case* – Judge Robinson found that the allegations therein were sufficient to plead a cause of action against the

---

[2] A copy of Judge Robinson's order in *Wilson* is attached as Exhibit C.

adjuster and also that the factual allegations were sufficient to satisfy the applicable pleading standards. *See Wilson*, pp. 4-8. A sister court in the Southern District of Texas reached the same conclusion in a similar case where the undersigned represented the plaintiff. *See Almeida v. Balboa Ins. Co.*, Case No. 7:12-cv-00533 (S.D. Tex. Mar 8, 2013).[3]

Other courts have also found that similar combinations of specific factual allegations against the adjuster and conclusory legal allegations against all defendants provide a reasonable basis for predicting recovery against the adjuster under the Insurance Code. *See, e.g.*, *Presley* 2011 WL 486231, at *3 & n.2 (citing *Rodriguez v. Standard Guar. Ins. Co.*, No. H-10-3065, 2010 WL 4877774, at *2 (S.D. Tex. Nov. 23, 2010); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010); *Leisure Life Senior Apartment Hous. II, Ltd. v. Lloyds of London*, No. H-09-3067, 2009 WL 3834407, at *2 (S.D. Tex. Nov. 12, 2009); *Davis v. Travelers Lloyds of Texas Ins. Co.*, No. H-09-2260, 2009 WL 3255093, at *7 (S.D. Tex. Sept. 29, 2009)); *Campos v. American Bankers Ins. Co. of Fl.*, No. H-10-0594, 2010 WL 2640139, at *6 (S.D. Tex. June 30, 2010) (citing same cases). All four cases cited in *Presley* and *Campos* were Hurricane Ike claims brought against an insurance company and a Texas-resident adjuster. *See Campos*, 2010 WL 2640139, at *6. "In each case, the defendant failed to present evidence showing that the plaintiff had no reasonable possibility of recovering against the instate defendant, and in each case, the court remanded the action to state court." *Id.*

> The court's opinion in *Campos* is particularly instructive. In that case, the court said:
>
> Campos's petition alleges that his property was damaged, that Castilleja was tasked with handling the insurance claim, and that Castilleja failed to fulfill this task in the manner required by the Texas Insurance Code. Campos alleges that Castilleja mishandled the claim in several specific ways, including: misrepresenting the policy coverage, failing to attempt a fair settlement, failing to act within a reasonable time to affirm or deny coverage or to reserve rights, failing to conduct a reasonable investigation, and failing to explain American

---

[3] A copy of the court's order in *Almeida* is attached as Exhibit D.

>Bankers Insurance's reasons for denying payment. Campos asserts claims against Castilleja individually, in claims separate from those brought against American Bankers Insurance. Campos's allegations, if proven true, would create a reasonable possibility that Campos could prevail in his claims against Castilleja. American Bankers Insurance has presented no evidence disproving these allegations. The fact that the pleadings do little more than recite the elements of the statutory claims might be viewed as pleading insufficiency in federal court and might be the basis for an order granting leave to amend. But this court cannot conclude that there is no reasonable basis to predict that Campos might recover against Castilleja in state court.

*Id.* at *5.

This Court has rejected improper joinder arguments on several occasions. *See Johnson*, 2011 WL 3111919, at *2-6 (remanding worker's compensation action filed against insurance company and its agent); *Hornbuckle*, 2003 WL 21955864, at *2 (finding that policyholder had arguably reasonable possibility of prevailing against adjuster); *Brooks*, 1997 WL 538727, at *2-4 (finding, in worker's compensation case that plaintiff stated a claim for unfair settlement practices against adjuster); *but see Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723-25 (N.D. Tex. 2014) (Solis, J.) (denying motion to remand based on improper joinder).[4]

Defendants cite three cases in the Southern District of Texas, all from the same court, in which plaintiffs' motions to remand were denied because the court held that when an adjuster's actions can be accomplished by the insurance company through an agent, the adjuster's actions are "indistinguishable" from those of the insurer and are therefore insufficient to support a claim against the adjuster. (Dkt. # 1, pp. 5-6) Judge Robinson rejected this very same argument – and these very same cases – in *Wilson*, stating:

---

[4] *Messersmith* is distinguishable on its facts both substantively and insofar as it alleged all causes of action – including breach of contract and Prompt Payment Claims Act claims – against both the insurance company and the adjuster. *See Messersmith*, 10 F. Supp. 3d at 723-24. De La Cruz does not do this; the only claims he pleads against Figaro are claims that may properly be brought against an adjuster. Moreover, *Messersmith* predated recent case law recognizing a *statutory* duty – independent of the insurance contract – to conduct a reasonable investigation. *See USAA Tex. Lloyd's Co. v. Menchaca*, No. 13-13-00046-CV, 2014 WL 3804602, at *5 (Tex. App.—Corpus Christi July 31, 2014, pet. filed) (copy attached as Exhibit E). De La Cruz certainly alleges facts sufficient to support a claim that Figaro violated this statutory duty. Finally, the Court appears to have applied the stringent Rule 12(b)(6) pleading standard as opposed to Texas's fair notice pleading standard. *See Messersmith*, 10 F. Supp. 3d at 723-25.

> Defendants rely heavily on one decision emanating from the Southern District of Texas, which states that where an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and "hence are insufficient to support a claim against the adjuster." *Dalton v. State Farm Lloyd's, Inc.*, No. H-12-3004, 2013 WL 3157532, at *6, *7 (S.D. Tex. June 19, 2013). Notwithstanding the fact that the decision is not binding on this Court, the proposition stated in *Dalton* is supported only by previous decisions of the same court and not by any controlling authority.

*Wilson*, n.1.

Under Texas's liberal pleading standards, and applying clear precedent, Plaintiff's Original Petition unquestionably establishes a reasonable basis for this Court to predict that De La Cruz might be able to recover against Figaro.

## *Conclusion*

Remand is appropriate because the parties are not completely diverse. Figaro is domiciled in Texas and adjusts insurance claims in Texas, and De La Cruz has pled valid causes of actions against him under Texas law. Because Figaro was not improperly joined for the purpose of defeating diversity jurisdiction, the Court cannot ignore his Texas domicile for diversity purposes and remand is required.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, De La Cruz respectfully prays that the Court grant her motion to remand, remand this cause to the 191st District Court of Dallas County, Texas, award De La Cruz costs and attorney's fees incurred as a result of the removal, and grant any other and further relief, at law or in equity, to which De La Cruz may be justly entitled.

        Respectfully submitted,

By:   */s/ Richard D. Daly*
      Richard D. Daly, Attorney-in-Charge
      Texas Bar No. 00796429
      rdaly@dalyblack.com
      Ana M. Ene
      Texas Bar No. 24076368
      aene@dalyblack.com
      DALY & BLACK, P.C.
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 30, 2015, the foregoing document was served on all counsel of record by NEF in accordance with the Federal Rules of Civil Procedure..

        */s/ Richard D. Daly*
        Richard D. Daly

**CERTIFICATE OF CONFERENCE**

    I hereby certify that, on April 30, 2015, Melissa Wray, a lawyer in my firm, contacted Mark D. Tillman and Colin Batchelor, counsel for Defendants, regarding the filing of this motion. Mr. Tillman indicated that Defendants are opposed to the relief requested. The parties have a fundamental disagreement regarding whether Figaro was improperly joined and, accordingly, whether his Texas citizenship may be considered for diversity purposes.

        */s/ Richard D. Daly*
        Richard D. Daly